**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KAZANCHEIEV VOLODYMYR,**

    Petitioner,

vs.                                         Case No. 4:10cv195-WS/WCS

**ERIC HOLDER, JR., et al.,**

    Respondents.

_____/

## AMENDED REPORT AND RECOMMENDATION

On May 20, 2010, the *pro se* Petitioner filed a habeas petition under 28 U.S.C. § 2241, doc. 1, and a motion seeking leave to proceed *in forma pauperis*, doc. 2. The motion was granted, doc. 8, and I reviewed the petition for writ of habeas corpus.

The petition seeks a stay of deportation and release from detention. Doc. 1. Petitioner also seeks to have his immigration proceedings reopened to hear his request for asylum. *See* doc. 3.

I concluded that Petitioner should have filed the petition for review in the Eleventh Circuit Court of Appeals and entered a report and recommendation on July 7, 2010. Petitioner has now filed a motion to consider supplemental filings. Doc. 11. Within that motion, although it is not entirely clear what Petitioner is requesting, he

indicates his desire to continue to seek asylum. *Id.* Petitioner has attached documents to that motion which also suggest that Petitioner requests that this Court "remand" the case back to the Immigration Judge who denied his request for asylum and grant Petitioner's motion to reopen his case for asylum, withhold removal, and seek relief under the Convention Against Torture ("CAT"). *Id.*

This Court does not have jurisdiction to consider Petitioner's appeal. The relevant statute, 8 U.S.C. § 1252(a)(2)(c), provides exclusive review (to the degree any review is possible) only in the Court of Appeals. *See* Balogun v. United States Atty. Gen., 425 F.3d 1356, 1359-60 (11th Cir. 2005); *see also* Arias v. United States Atty. Gen., 482 F.3d 1281, 1284 (11th Cir. 2007); Jean-Pierre v. United States Atty. Gen., 500 F.3d 1315, 1321 (11th Cir. 2007) (stating "the exclusive mechanism for judicial review is a petition for review filed with the appropriate court of appeals"), *citing* 8 U.S.C. § 1252(a)(5). Under the REAL ID Act, an alien who claims legal error in a final order of removal may petition the courts of appeals for review. Balogun, 425 F.3d at 1360. The courts of appeal have exclusive jurisdiction to undertake judicial review. 8 U.S.C. § 1252(a)(5); *see* Tang v. U.S. Atty. Gen., 578 F.3d 1270 (11th Cir. 2009) (reviewing the dismissal of petitioner's application for asylum, withholding of removal, and relief under CAT).

The REAL ID Act also includes a transfer provision providing that "the district court shall transfer . . . to the court of appeals" any case "challenging a final administrative order of removal . . . ." REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005). Therefore, pursuant to the REAL ID Act, codified at 8 U.S.C. § 1252(a)(2)(D), this case need not be dismissed but may, instead, be

transferred to the Eleventh Circuit Court of Appeal.  The motion to consider supplemental filings must be presented to the Court of Appeal.

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241 petition, doc. 1, filed by Petitioner Kazancheiev Volodymyr be **TRANSFERRED** to the Eleventh Circuit Court of Appeals pursuant to REAL ID Act of 2005, 8 U.S.C. § 1252, for consideration of the petition and all pending motions.

**IN CHAMBERS** at Tallahassee, Florida, on August 5, 2010.


    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**